IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>    Plaintiff,<br><br>   v.<br><br>JOSE ESPINOZA,<br><br>    Defendant. | No. C 12-06349 CRB<br><br>**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT** |

Pending before the Court is the application of Plaintiff G & G Closed Circuit Events, LLC for a default judgment against Defendant Jose Espinoza. See generally Application for Default Judgment ("Appl.") (dkt. 20). Plaintiff alleges that Defendant unlawfully intercepted and exhibited a boxing match and therefore owes Plaintiff damages under 47 U.S.C. §§ 553 and 605 and for conversion. For the reasons below, the Court GRANTS Plaintiff's application and awards damages in the amount of $1,850.

**I.    BACKGROUND**

Plaintiff is a distributor of sports and entertainment programming that owned the commercial exhibition rights to the "Strikeforce: Melendez v. Masdival" telecast ("the Program"). Plaintiff required commercial establishments to pay a licensing fee in order to display the Program to its patrons. See Compl. ¶ 15 (dkt. 1), Gagliardi Decl. ¶ 8 (dkt. 21). Based on its capacity of 65 persons, the fee for Defendant's establishment would have been $1,600. Gagliardi Decl. ¶ 8. Defendant did not pay the licensing fee, Compl. ¶ 17, but

Plaintiff's investigator observed the program at Defendant's establishment. See Kaplan Aff. (dkt. 20-3). The investigator noted that there was no cover charge and during three separate headcounts there were "2/0/0" patrons in the establishment, respectively.[1] Id. Plaintiff's investigator did not determine whether the transmission was via cable or satellite, whether Defendant advertised the Program's broadcast, or whether Defendant raised the prices in the establishment during the Program's broadcast.

Plaintiff filed the complaint in this matter on December 14, 2012. See Compl. Defendant was served on February 27, 2013 and was required to answer by March 20, 2013. See Summons (dkt. 8). Defendant did not appear, and the Clerk entered default on May 16, 2013. See Entry of Default (dkt. 18). Plaintiff's complaint alleges four causes of action, under 47 U.S.C. §§ 553[2] and 605,[3] state law conversion, and California Business and Professions Code section 17200, but the application for default judgment requests damages based only on the 47 U.S.C. § 605 and conversion claims.

## II. LEGAL STANDARD

### A. Default

Courts generally disfavor default judgments on the grounds that cases should ordinarily be decided on the merits. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). However, pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment upon motion by the Plaintiff after entry of default by the Clerk. Fed. R. Civ. P. 55(b). Whether to grant an application for default judgment is within the

---

[1] Plaintiff states that there were four patrons in the establishment at one point, but the Court reads the investigator's affidavit as reporting that the four individuals were employees. Compare Appl. at 11 with Kaplan Aff. at 2.

[2] "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system." 47 U.S.C. § 553(a).

[3] "[N]o person receiving, . . . any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception." 47 U.S.C. § 605(a).

2

discretion of the trial court.  See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Factors that may guide the court in deciding whether to enter default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

Upon an entry of default by the clerk, the factual allegations of the plaintiff's complaint are taken as true, except those relating to the amount of damages.  See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

### B. Damages

A plaintiff is required to prove all damages sought in the complaint.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 2002).  Additionally, no relief sought may be different in kind, or exceed in amount, than that which is demanded in the pleadings. Fed. R. Civ. P. 54(c).  If the facts necessary to determine the damages are not contained in the pleadings, or are legally insufficient, they will not be established by default.  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

## III. DISCUSSION

Plaintiff asks that default judgment be entered against Defendant in the amount of $111,600 against Defendant: $10,000 in statutory damages under 47 U.S.C. § 605; $100,000 in "enhanced" damages under 47 U.S.C. § 605; and $1,600 on a state law conversion claim. Because Plaintiff did not plead the specific means of interception, the Court must determine whether statutory and "enhanced" damages are properly assessed under 47 U.S.C. § 553 or 605 as discussed below.

### A. Default Judgment Will Be Entered

The Eitel factors favor granting default judgment.  The first Eitel factor, prejudice to the plaintiff, is met because Plaintiff would be without a remedy absent a default judgment. The second factor, which considers the merits of plaintiff's substantive claim, is met because

3

United States District Court
For the Northern District of California

1  Plaintiff's well-pled facts regarding Defendant's display of the Program without permission
2  are deemed true as a result of the clerk's entry of a default, and. See Fair Housing of Marin
3  v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Third, Plaintiff has sufficiently pled facts to
4  meet the elements of conversion and a violation of either 47 U.S.C. § 553 or § 605. Fourth,
5  the sum of money at stake in the action weighs in favor of granting judgment because the
6  $111,600, while not insignificant, is significantly less than the $3 million deemed to weigh
7  against default judgment in Eitel. Fifth, the possibility of a dispute concerning material facts
8  favors default judgment because no material facts have been or are expected to be disputed.
9  The sixth factor, which considers excusable neglect, weighs in favor of default judgment
10 because Defendant, despite being served, never answered or contested the entry of default
11 judgment. Seventh, the policy of the Federal Rules of Civil Procedure favoring decisions on
12 the merits "must necessarily be of very little weight" where "defendant's inaction is the sole
13 obstacle precluding a decision on the merits." J & J Sports Prods., Inc. v. Hernandez,
14 12-CV-05773-JST, 2013 WL 2468354 (N.D. Cal. June 6, 2013). Because the facts in this
15 case meet the Eitel factors, default judgment is granted as to the claims discussed below.

### B. Damages Will Be Assessed Under 47 U.S.C. § 553, Not § 605

17 Plaintiff's complaint alleges causes of action under 47 U.S.C. §§ 553 and 605, and
18 seeks statutory, rather than actual, damages. Plaintiff requests statutory damages under
19 § 605, which has a higher statutory minimum award than § 553, arguing that it is "inherently
20 reasonable . . . where Defendant has placed himself in default." Appl. at 8. Plaintiff did not,
21 however, plead the specific means of interception by Defendant in its complaint, see
22 generally Compl., and instead states that "Plaintiff cannot determine the precise means that
23 the Defendant used." Appl. at 8.

24 The Ninth Circuit recognizes that § 553 applies to cable television, while § 605
25 applies to satellite television. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d
26 347, 349 n.1 (9th Cir. 1999); see also Cont'l Cablevision, Inc.v. Poll, 124 F.3d 1044, 1046
27 (9th Cir. 1997) (calculating cable television damages under § 553, not § 605). Because

4

Plaintiff did not allege that Defendant intercepted a <u>satellite</u> transmission in its complaint, it is not a factual allegation that can be taken as true. See <u>Derek Andrew</u>, 528 F.3d at 702.

The argument that Plaintiff "is excused by defendants' default from alleging facts that determine the applicable statute" has already been rejected in this District. See <u>G & G Closed Circuit Events, LLC v. Castro</u>, No. C 12-04649 WHA, 2013 WL 871913, at *3 (N.D. Cal. Mar. 7, 2013). In <u>Castro</u>, Judge Alsup held that "Plaintiff should bear the burden of conducting a reasonable preliminary investigation and pleading facts to support the tougher penalty," noting that Plaintiff's investigator "failed to even check whether a cable box or satellite dish was visible." <u>Id.</u> Because Plaintiff also failed to offer any other reason why statutory damages should be calculated under § 605, Judge Alsup analyzed Defendants' violation under § 553. <u>Id.</u> Here, as in <u>Castro</u>, Plaintiff's investigator made no observations as to whether Defendant was using a cable box or satellite dish, and does not offer any other compelling reasons supporting an award of damages under § 605. Moreover, when plaintiffs fail to properly identify the means of transmission, judges in this district have assumed that the means of interception was by cable rather than satellite because a cable box is easier to conceal. See, e.g., <u>J & J Sports Promotions, Inc. v. Parayno</u>, No. C12–04790 TEH, 2013 WL 942528, at *2 (N.D. Cal. Mar. 11, 2013). Consequently, because Plaintiff has not met its burden to obtain the higher statutory minimum, the Court evaluates Plaintiff's damages under § 553.

### 1. Statutory Damages under 47 U.S.C. § 553(c)(3)(A)(ii)

Plaintiff seeks the maximum the statutory damages of $10,000. Under 47 U.S.C. § 553, a party may be awarded damages of no less than $250 and no greater than $10,000. 47 U.S.C. § 553(c)(3)(A)(ii). Granting the maximum statutory damages is inappropriate in the absence of unusual or egregious circumstances. See <u>Joe Hand Prods. v. Mujadidi</u>, No.C–11–5570 EMC, 2012 WL 3537036, at *5 (N.D. Cal. Aug. 14, 2012).

Admitting that this case does not involve egregious circumstances, Plaintiff relies on out-of-district cases involving "small impact[s]" where the maximum statutory damages were awarded

5

nonetheless.[4] It is difficult to imagine a scenario with a smaller impact than the instant case, in which the investigator observed at three different times, two, zero, and zero patrons viewing the program. In Castro, Judge Alsup awarded $250 when there were four to ten patrons viewing on a single television. 2013 WL 871913, at *3. Although there was one additional television in Defendant's establishment than in Castro, the establishment was empty during two headcounts, while the lowest headcount was four in Castro. Therefore, Plaintiff is awarded the minimum of $250 in damages under 47 U.S.C. § 553(c)(3)(A)(ii).

### 2. Enhanced Damages under 47 U.S.C. § 553(c)(3)(B)

Plaintiff also seeks the maximum enhanced statutory damages. When a court finds that a violation of 47 U.S.C. § 553 "was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B). Because the Ninth Circuit has not provided guidance on how to determine "enhanced" damages, district courts have taken into account a variety of factors, including the use of a cover charge, an increase in food price during programming, the presence of advertisement, the number of patrons, the number of televisions used, the impact of the offender's conduct on the claimant, and whether defendant is a repeat offender. J & J Sports Prods. v. Concepcion, No. C 10–05092 WHA, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011). "[T]he mere assertion that Defendant acted willfully is insufficient to justify enhanced damages." Kingvision Pay-Per-View Ltd. v. Backman, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000).

The facts of this case weigh against granting enhanced damages. Here, there was no cover charge, only two patrons, and two televisions showing the program. See Kaplan Aff. Plaintiff has not alleged that Defendant is a repeat offender, that Defendant advertised the exhibition of the

---

[4] See, e.g., Joe Hand Promotions v. Tidmarsh, No. 1:09–cv–00097 LJO GSA, 2009 WL 1845090, at *3 (E.D. Cal. June 26, 2009) (average of 26 patrons, one 55-inch television); J & J Sports Prods., Inc. v. Esquivel, No. 1:08-cv-00392 LJO GSA, 2008 WL 4657741 at *3 (E.D. Cal. Oct. 20, 2008) (35 patrons, one 27-inch television); Kingvision Pay-Per-View v. Gadson, No. 1:04cv678, 2007 WL 2746780, at *2 (M.D. N.C. Sept. 18, 2007) (27 patrons, one "large" television).

Program, or that Defendant increased in food prices during the exhibition. Although Plaintiff has cited many cases from other districts with significant enhanced damages, the facts are distinguishable, particularly the number of patrons. Plaintiff's allegation of a willful violation is insufficient on its own to merit awarding "enhanced damages" in the absence of the other factors generally considered by this district. See Backman, 102 F. Supp. at 1198. For these reasons, the Court declines to award enhanced damages.

### C. Conversion

Under California law, "to establish conversion, a plaintiff must show (1) his ownership of or right to possess the property at the time of the conversion, (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act, and (3) damages." Bank of N.Y. v. Fremont Gen. Corp., 523 F.2d 902, 914 (9th Cir. 2008). The damages for conversion are the value of the property at the time of the conversion and compensation for the time and money properly expended in pursuit of the converted property. Cal. Civ. Code. § 3336.

Plaintiff has alleged all the elements of conversion in its complaint, and consequently Defendant has defaulted on this claim. Because Plaintiff has provided evidence that Defendant's establishment had a capacity of 65 persons and that Plaintiff would charge such an establishment $1,600 for the license to broadcast the Program, the Court finds Plaintiff is entitled to judgment on its conversion claim in the amount of $1,600. See J & J Sports Prods., Inc. v. Bonilla, No. 12–CV–02243–LHK, 2013 WL 3725264, at *6 (N.D. Cal. Jul. 14, 2013) (awarding conversion damages for the amount the commercial license would have cost defendant).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Application for Default Judgment and awards damages in the amount of $1,850, which includes $250 in statutory damages and $1,600 in damages for the conversion claim.

**IT IS SO ORDERED.**

Dated: August 16, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE